James J. Stout, OSB #93473
E-Mail: jjstout1@aol.com
James J. Stout, PC
419 S. Oakdale Ave.
Medford, OR 97501
Phone: (541) 618-8888
Fax: (541) 618-9015
    Attorney for Plaintiff Schiffer

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON
# MEDFORD DIVISION

| | |
|---|---|
| DWAINE R. SCHIFFER, | Case No.: 12-CV-1257 |
|     Plaintiff, | |
| vs. | PLAINTIFF'S MOTION FOR TEMPORARY IN ORDER |
| Quality Loan Service Corp. of Washington, Bank of New York Mellon, Trustee for the Holders of the Certificates, First Horizon Mortgage Pass-through Certificate Series (FHAMS 2005-AA 7) | FRCP 65 |
|     Defendants | |

    Pursuant to FRCP 65, plaintiff moves to court for an order granting a temporary restraining order, restraining the defendant, Quality Loan Service Corp. of Washington (Quality), from selling the property, the legal description of which is attached hereto as Exhibit "1", and by this reference incorporated herein, at the foreclosure sale, scheduled for July 16, 2012 at 10 AM.

## NOTICE

    Pursuant to FRCP 65 (b), plaintiffs have given oral and written notice to Quality that plaintiffs are intending to file for a temporary restraining order.  See

affidavit of James J. Stout, attached hereto as Exhibit "2", and by this reference incorporated herein.

Plaintiffs seek the following relief:

1. Temporarily restraining the defendant from conducting the Trustee's sale on July 16, 2012 on the grounds that defendant has failed to comply with the foreclosure process set forth in ORS 86.705 et seq., which will cause immediate and irreparable injury to the plaintiffs, in the form of loss of their property through a defective foreclosure sale process.

2. Requiring the defendant to show cause, if any, why the order requested above should not continue to remain in effect during the pendency this action.

In support of this motion, plaintiff relies on the complaint filed herein, FRCP 65, memorandum of law and the affidavit of James J. Stout.

## MEMORANDUM OF LAW

Plaintiffs seek a temporary restraining order based on the allegations that the foreclosure is unlawful as set forth in plaintiff's complaint and that the defendants have not complied with ORS Chapter 86 in the following particulars:

A. The original assignment by MERS to First Horizon Home Loans is of no force or effect, as First Horizon was no longer in existence at the time of the assignment. See Exhibit "6" to plaintiff's complaint. The assignment was done in the name of a nonexistent Corporation and is therefore invalid.

B. Since that assignment is invalid, First Horizon and had no authority to assign the deed of trust to Mellon the trustee of the trust.

C. Mellon had no authority to appoint the successor trustee (Quality) and the Quality had no authority to issue the notice of default and notice of sale

D. The assignment to Mellon as trustee was of no force nor effect, as the pool had closed prior to the assignment. Pursuant to the pooling and servicing agreement, the closing date of the certificates was in 2005. All loans had to be

assigned to the pool prior to the end of 2005.  The assignment was not executed or recorded until 2011.  Since the pool could not accept the assignment, the trustee, Mellon, had no power to accept it, or to appoint a successor trustee or authorize the foreclosure.

E. Only the investors can declare a default.  Except for the investors, no person or entity in the chain of title had or has any money in this loan.  All of the funds came from the investors through the conduits.  As such, since none of the entities have any money in the game, they are not owed any money by the plaintiff, and have suffered no loss, they cannot declare a default.  The only beneficiaries are the investors of the trust.  Based on the recorded documents, the investors have not declared a default.  If a default has not been declared by the entity that allegedly is owed the money, the trustee lacks the authority or the power to foreclose.

Plaintiffs have shown in their complaint that they have a high probability of prevailing on the merits.  The complaint shows numerous failures to follow the statutory foreclosure process.  The failure to strictly comply with the statute process is fatal. <u>Baggao v. Mascaro</u>, 77 OR APP 627 (1986).

The court should grant a temporary restraining order, as plaintiffs will suffer irreparable harm and loss of title to their property, if the foreclosure sale is not restrained.  The defendant will not be harmed by being required to follow the foreclosure process as the law requires.  The public interest will be served by maintaining the integrity of the foreclosure process.

Dated: Thursday, July 12, 2012

**JAMES J. STOUT, P.C.**

By  /s/ James J. Stout
James J. Stout
OSB No. 93473
Attorney for Plaintiff Schiffer.

## CERTIFICATE OF SERVICE

  I, James J. Stout, hereby certify that I served the foregoing **Motion for Temporary Restraining Order** on Thursday, July 12, 2012, via e-mail:

Ashley Hennesse
Corporate Counsel
Quality Loan Service Corp
ahennessee@qualityloan.com

Mathew Booth
Attorney at Law
Registered Agent for
Quality Loan Servicing Corp.
Mbooth@mccarthyholtus.com

  J     /s/ James J. Stout, PC
James J. Stout
OSB No. 93473
419 S. Oakdale Ave.
Medford, Oregon 97501
Phone: 541-618-8888
Fax: 541-618-9015
jstout1@aol.com
Attorney for plaintiffs Schiffer
(clients/Schiffer/certmail)